IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Sara J. Marjanovich, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.  11 C 4717 |
| Eagle Asset Resolution, LLC, a Minnesota limited liability company, and Benjamin Michael & Associates, Inc., a New York corporation, | ) ) ) ) ) ) | |
|     Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Sara J. Marjanovich, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transactions occurred here; and, c) Defendants transact business here.

## PARTIES

3. Plaintiff, Sara J. Marjanovich ("Marjanovich"), is a citizen of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed originally for a credit card debt.

4. Defendant, Eagle Asset Resolution, LLC ("Eagle"), is a Minnesota limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Eagle operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Eagle was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Eagle is a debt scavenger that buys up portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect through other debt collectors.

6. Defendant, Benjamin Michael & Associates ("BMA"), is a New York corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. BMA operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant BMA was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants Eagle and BMA are not authorized to conduct business in Illinois, yet they each conduct business in Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A.

8. Defendants Eagle and BMA are not licensed as collection agencies in

Illinois, yet they both have acted as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B.

**FACTUAL ALLEGATIONS**

9. Ms. Marjanovich fell behind on paying her bills, including a debt she allegedly owed for a credit card. At some point in time, after Ms. Marjanovich defaulted on her credit card, Defendant Eagle bought Ms. Marjanovich's debt and hired Defendant BMA to attempt to collect the debt. On January 14, 2011, Defendants sent Ms. Marjanovich an initial form collection letter demanding payment of the credit card debt. The letter stated the debt was placed for "immediate collection" and that the debt had to be "promptly" paid or else litigation might ensue. A copy of this letter is attached as Exhibit C.

10. Both Defendant Eagle and Defendant BMA were required by the Illinois Collection Agency Act, 225 ILCS § 425/1, et seq., to be licensed as a collection agency to buy, and try to collect, the debt that Ms. Marjanovich allegedly owed to Eagle; however, neither Defendant Eagle, nor Defendant BMA are licensed as collection agencies by the Illinois Division of Professional Regulation.

11. Neither Defendant Eagle, nor Defendant BMA, had any right or any intention to sue Ms. Marjanovich.

12. All of the collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violations Of § 1692e Of The FDCPA --
### Numerous False Collection Actions

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

16. Defendants' violations of § 1692e of the FDCPA include, but not limited to:

   a. buying, and collecting upon, a debt when not licensed to do so;

   b. using, or acting as, a collection agency in Illinois when not licensed to do so; and,

   c. threatening litigation when they had no right, nor any intention, to pursue a lawsuit.

17. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. Defendants'

4

violations of § 1692f of the FDCPA include, but are not limited to:

    a.    buying, and collecting upon, a debt when not licensed to do so;

    b.    using, or acting as, a collection agency in Illinois when not licensed to do so; and,

    c.    threatening litigation when they had no right, nor any intention, to pursue a lawsuit.

20.    Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692g –**
**Overshadowing And/Or Ineffectively Conveying**
**The 30-Day Validation Notice**

21.    Plaintiff adopts and realleges ¶¶ 1-13.

22.    Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, Defendants provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it. Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

23.    Here, although Defendants' initial collection letter (Exhibit C) contains part of the notice required by § 1692g of the FDCPA, that notice was not effectively conveyed or rendered ineffective by other language in that letter. Specifically, the statement that the debt was subject to "immediate collection" and that it had to be

5

"promptly" paid or else litigation might ensue, would confuse anyone, let alone the unsophisticated consumer, as to what their validation rights were, by creating false sense of urgency. Defendants collection letter thus violates § 1692g of the FDCPA. See, Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR Recovery Corporation, 118 F.3d 516, 519 (7th Cir. 1997); see also, § 1692g(b).

24. Defendants' violation of § 1692g of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Sara J. Marjanovich, pray that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff, Marjanovich, and against Defendants Eagle and BMA for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Sara J. Marjanovich, demands trial by jury.

Sara J. Marjanovich,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: July 13, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com